**Randy D. ELKINS, Plaintiff–Appellant,**

v.

**Jerry CHAPMAN, Individually and in his capacity as the "Real Owner/Controlling Person" of Brooks Road Auto Mart, LLC; Shane Chapman, Individ-**

ually and in his capacity as the "Record Owner" of Brooks Road Auto Mart, LLC; Brooks Rd. Auto Mart, Defendants–Appellees.

**No. 01–6020.**

United States Court of Appeals, Sixth Circuit.

June 7, 2002.

Before KRUPANSKY and COLE, Circuit Judges; and DUGGAN, District Judge.*

*ORDER*

Randy D. Elkins, a disbarred attorney and convicted felon who is proceeding pro se, appeals a district court order dismissing a complaint he filed under RICO, 18 U.S.C. § 1961 et seq., for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Elkins filed this action against a used car dealership, its owner (Shane Chapman), and the owner's father (Jerry Chapman), also a convicted felon whom Elkins alleged was in charge of the dealership and using his son as a strawman. The complaint and amended complaint alleged that Elkins had begun working for the dealership in 1998, receiving a salary and a portion of the profits. He subsequently participated with Jerry Chapman in opening and running a finance company which provided financing for purchasers of the dealership's used cars. The complaint further

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

alleged that Elkins eventually became aware that his partner was engaged in illegal activities, including failure to pay taxes, rolling back odometers, and failing to report cash receipts. In 1999, Elkins alleged that he was terminated based on his knowledge and refusal to participate in these activities. Elkins claimed that he was entitled to treble damages under RICO. Simultaneously, Elkins pursued an action in state court to place the finance company in a receivership.

The district court granted defendants' motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). This appeal followed. Elkins argues that he was denied discovery necessary to amend his complaint to state a claim because defendants invoked their Fifth Amendment privilege in refusing to answer discovery requests. Defendants' motion to dismiss the appeal as untimely was denied by previous order of the court.

This court reviews a dismissal of a complaint for failure to state a claim de novo. *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). A complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) when no relief could be granted under any set of facts consistent with its allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

In this complaint, Elkins attempted to assert claims of violations of 18 U.S.C. § 1962(a), (c) and (d). Those sections prohibit the investment of racketeering income, racketeering activity, and conspiracies to engage in such activities. *St Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 439 (5th Cir.2000). In order to state a claim under § 1962(a), the complaining party must show that he was injured as a result of the investment of racketeering income. *Id.* at 441–43; *Vemco, Inc. v. Camardella,* 23 F.3d 129, 132–33 (6th Cir.

1994). In this case, the district court assumed that Elkins would argue that defendants invested racketeering income in the finance company, although that was not alleged in the complaint. Nevertheless, the district court concluded that Elkins had not alleged any injury related to that investment.

In order to state a claim under § 1962(c), a complaint must allege that an act of racketeering was the cause of the injury. *Beck v. Prupis,* 529 U.S. 494, 505–07, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000). In this case, Elkins did not show that his termination, which was the only injury alleged, was an act of racketeering. *Cf. Baglio v. Baska,* 940 F.Supp. 819, 834–35 (W.D.Pa.1996), *aff'd,* 116 F.3d 467 (3d Cir. 1997). Finally, because the complaint did not state a claim with regard to either § 1962(a) or (c), it could not state a claim of conspiracy to violate those sections under § 1962(d).

Moreover, the district court correctly held that Elkins lacked standing to bring a RICO action for injury to the finance company, either as an owner or an employee. *Frank v. D'Ambrosi,* 4 F.3d 1378, 1385 (6th Cir.1993).

Because Elkins did not allege injury as a result of investment of racketeering income or acts of racketeering, and lacked standing to assert the claims of injury to the finance company where he was employed, his argument that he was denied discovery necessary to amend his complaint to state a claim lacks merit. He has failed to argue what he could have discovered which would amend these defects in his complaint.

Accordingly, the dismissal of this complaint for failure to state a claim is affirmed for the reasons stated by the dis-

trict court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.